[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 15105
The plaintiff David M. Murray brought this action in negligence against the defendant Webster Bank. In the second revised complaint, the plaintiff alleges the following facts. On March 5, 1996, at approximately 8:45 p.m., the plaintiff was a business invitee at the defendant's branch located on Broad Street in Milford. As the plaintiff withdrew funds from his bank account using the outside automated teller machine, he was approached by two unidentified men who robbed him at gunpoint and shot him in the neck. The plaintiff survived the shooting, but experienced severe injuries. The plaintiff alleges that his injuries were the result of the defendant's negligence in failing to implement security measures to protect its customers. The defendant moves for summary judgment on the ground that the plaintiff failed to allege that the defendant had notice or prior knowledge that the area surrounding its Milford branch was dangerous.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1939). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material fact which, under applicable principles of substantive law, entitle [it] to a judgment as a matter of law." (Brackets omitted.) Milesv. Foley, 253 Conn. 381, 386, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citation omitted; internal quotation marks omitted.) Id.
The defendant argues that the plaintiff failed to allege that the defendant had notice of prior criminal activity on or near its premises. In support of its argument, the defendant cites Stewart v. FederatedDept. Stores, Inc., 234 Conn. 597, 662 A.2d 753 (1995), and Doe v.Manheimer, 212 Conn. 748, 563 A.2d 699 (1989). "In both cases, the Supreme Court of Connecticut indicated that the question of proximate cause turned on whether the defendant had actual or constructive notice that the dangerous condition of its premises would induce criminal conduct by third parties. . . ." (Citations omitted.) Chylinski v.Wal-Mart Stores, Inc., 150 F.3d 214, 218 (2nd Cir. 1998). Generally, an issue of causation is a question for the trier of fact. Abrahams v. YoungCT Page 15106 Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997). "[T]he issue becomes one of law when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." (Internal quotation marks omitted.) Id.
In the present case, the plaintiff alleges that it was the defendant's negligent conduct, in which an automated teller machine was used to dispense money in an open and unsecured area, that created the conditions that made it possible for the violent act of the third party to occur. The court is of the opinion that there is an issue of fact as to whether the criminal activity was a foreseeable result of the defendant's conduct in maintaining its premises. Therefore, the motion for summary judgment is denied.
The Court
By Grogins, J.